THOM v RASMUSSEN

Docket No. 71884. Submitted April 11, 1984, at Lansing.—Decided
    August 7, 1984.

    John Thom and Kenneth W. Meyer brought an action in Le-
    nawee Circuit Court against Milton H. Rasmussen, seeking
    damages and a permanent injunction to prohibit defendant
    from erecting and maintaining a dock at the end of a six-foot
    wide alleyway which runs between plaintiffs' properties to
    Devils Lake. The alleway was platted and dedicated to the use
    of the public and connects drives, which were also platted and
    dedicated to the public, upon which platted back lots are
    located. Defendant owns four back lots upon which there are
    cottages and rents the back lot properties. A dock has been
    maintained at the end of the alleyway for at least 25 years.
    Problems arose when plaintiff Meyer purchased a sailboat and
    had trouble launching the boat because of the dock and the
    boats moored at the dock. The trial court, John C. Timms, J.,
    denied the plaintiffs' request for an injunction, finding that the
    dedication of the alleyway encompassed the right of the public
    to erect and maintain a dock, an individual member of the
    public such as defendant could properly erect and maintain the
    dock as long as the dock was available to the public at large,
    and a permit to erect the dock need not be secured from the
    Department of Natural Resources because the dock was a
    seasonal structure for private noncommercial recreational use.
    While denying the injunction, the trial court ordered certain
    restrictions on the size, nature and use of the dock. No dam-
    ages were awarded. Plaintiffs appealed. *Held:*

    1. The right of the public to erect and maintain a dock at the
    end of a platted passageway which terminates at the edge of a

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 822.
    27 Am Jur 2d, Equity § 266.
[2-6] 78 Am Jur 2d, Waters §§ 260-280.
    79 Am Jur 2d, Wharves §§ 4-6, 27.
[3, 4] 23 Am Jur 2d, Dedication §§ 4, 5, 33, 35.
    79 Am Jur 2d, Wharves § 2.
[5, 6] 78 Am Jur 2d, Waters §§ 52, 393.

lake does not depend on riparian ownership, rather, the right of the public to erect and maintain a dock under those circumstances depends on whether the scope of the dedication of the platted land encompasses the right to erect and maintain a dock.

2. The record supports the trial court's implicit finding that the scope of the dedication for the subject alleyway encompassed the right of the public to erect and maintain a dock at the end of the alleyway.

3. The fact that defendant as an individual member of the public, as opposed to some municipal body, erected and maintained the dock is of no consequence, since the dock was available to the public in general.

4. The defendant is not required to secure a permit from the Department of Natural Resources pursuant to the inland Lakes and Streams Act, since the dock in question is a seasonal structure erected for private noncommercial recreational use. While defendant's actions may be motivated by the desire to provide lake access and docking for the renters of his back-lot cottages, the dock does not thereby become a commercial structure, since the dock is available to the general public and no specific fees are charged for the use of the dock.

5. The trial court considered the question of damages and properly concluded that none were in order.

Affirmed.

1. EQUITY — APPEAL — FINDINGS OF FACT.

The Court of Appeals reviews equity cases *de novo* but will not disturb the trial court's findings unless convinced that a different result would have been reached had the Court occupied the trial court's position.

2. WATERS AND WATERCOURSES — DOCKS — RIPARIAN RIGHTS.

Erecting or maintaining boat docks near the water's edge is a riparian or littoral right.

3. WATERS AND WATERCOURSES — DOCKS — RIPARIAN RIGHTS — PLATS — DEDICATION.

The right of the public to erect and maintain a boat dock at the end of a platted passageway which terminates at a lake does not depend upon riparian ownership; rather, the right of the public to erect and maintain a boat dock under such circumstances depends on whether the scope of the dedication of the platted land encompasses the right to erect and maintain a dock.

4. WATERS AND WATERCOURSES — DOCKS — PUBLIC PASSAGEWAYS —
   PLATS — DEDICATION.

    The Court of Appeals will not overturn the finding of a trial court
   that the dedication to the public of a platted passageway to a
   lake included the right to build and maintain a boat dock at
   the end of the passageway where it is clear that one of the
   purposes of the platted passageway was to provide public access
   to the lake and the lakefront residents have acquiesced in the
   erection and maintenance of the dock for 25 years; the fact that
   an individual member of the public, as opposed to a municipal
   body, erected and maintained the dock at the end of the public
   passageway is of no consequence, so long as the dock remains
   available for the use of the general public.

5. WATERS AND WATERCOURSES — INLAND LAKES AND STREAMS ACT —
   DOCKS — SEASONAL STRUCTURES — PERMITS.

    A permit need not be secured from the Department of Natural
   Resources before one places upon the bottomland of an inland
   lake or stream a seasonal structure used to facilitate private
   noncommercial recreational use of the water if such structure
   does not unreasonably interfere with others entitled to use the
   water or interfere with water flow; a dock which is removed at
   the end of the boating season is a seasonal structure (MCL
   28.1952[n], 281.953, 281.954[b]; MSA 11.475[2][n], 11.475[3],
   11.475[4][b]).

6. WATERS AND WATERCOURSES — INLAND LAKES AND STREAMS ACT —
   DOCKS — COMMERCIAL USE.

    A boat dock is not a commercial structure within the meaning of
   the Inland Lakes and Streams Act where the dock is available
   to the general public and no fees are charged for the use of the
   dock, even though the availability of the dock may be a factor
   in the rent charged to tenants to back-lot cottages.

*John D. Baker,* for plaintiffs.

*Walker, Watts & Jackson* (by *Mark A. Jackson),*
for defendant.

Before: BRONSON, P.J., and MACKENZIE and J. L.
BANKS,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment and order entered on June 1, 1983, denying their request for a permanent injunction to prohibit defendant from erecting a dock at the water's edge of a six-foot alley on Devils Lake.

The parties all own waterfront lots on Devils Lake, plaintiff Myer for four or five years, plaintiff Thom for more than 25 years and defendant for over 18 years. Defendant began acquiring back lots in 1970 and now owns four. Between Thom's and Myer's lots is the six-foot alleyway, dedicated to the use of the public when Finch Point was platted in June of 1927. Defendant's back lots front on platted drives which are also dedicated to the use of the public and which give access to the alley.

A dock had been maintained at the end of the alley for at least 25 years. Problems arose in 1980 or 1981 when defendant extended the length of the dock and plaintiff Myer purchased a sailboat. the number of people using the dock and the number and size of boats moored to the dock increased. Consequently, plaintiff Myer had trouble launching his sailboat.

After trial, the court issued a written opinion denying plaintiffs' request to permanently enjoin the erection of the dock. The court's order further provided:

"1. The dock projecting into the lake from the alleyway shall not be longer at any time than the average length of all docks in Finch Point.

"2. That the dock shall not at any point be more than 6 feet wide.

"3. Boats may be moored temporarily to the dock but only at the point of its farthest extension into the lake.

"4. The dock shall be a temporary structure. It shall be removed from the lake during the months of November, December, January, February, and March each year."

This Court reviews equity cases *de novo* but will not disturb the trial court's findings unless convinced that we would have reached a different result had we occupied that court's position. *Pyne v Elliott,* 53 Mich App 419, 424; 220 NW2d 54 (1974).

Plaintiffs correctly assert that erecting or maintaining a dock near the water's edge is a riparian right. *McCardel v Smolen,* 404 Mich 89, 94; 273 NW2d 3 (1978). Plaintiffs contend that, since the right to erect a dock belongs exclusively to riparian owners, the right is not available to the general public. We disagree with this contention. Whether the public has the right to maintain the subject dock does not depend on riparian ownership, but rather whether the scope of the dedication of the platted property encompasses the right to erect and maintain a dock. *McCardel, supra,* 404 Mich 97; *Backus v Detroit,* 49 Mich 110; 13 NW 380 (1882).

The trial court recognized the significance of the scope of dedication and implicitly found that dedication of the platted property encompassed the right of the public to erect and maintain a dock. The court relied on the similarities between the instant case and *Backus, supra,* where our Supreme Court held that it was permissible for the city to build a wharf for public purposes where the end of a street which was dedicated to the use of the public abutted on navigable water. In that case, the street lay between two of plaintiff's six riverfront lots. The Court, noting that if a private individual had owned the land in question there would be no question but that the individual could construct a wharf, focused on whether construction of a wharf was within the scope of dedication of a public street included public access to the river.

Plaintiffs seek to attach significance to the fact that, in the instant case, an individual member of the public (defendant) erected the dock whereas in *Backus, supra,* the wharf was erected by the city. The trial court dismissed this distinction, reasoning that "[s]o long as the dock remains available for the use of the public at large * * * it matters not as to who erected the dock".

This Court in *McCardel v Smolen,* 71 Mich App 560, 566, fn 6; 250 NW2d 496 (1976), avoided the issue of whether individual members of the public have riparian rights where the government is a riparian owner. Once again, we need not resolve this issue because our holding does not rest on the riparian rights which attach to the ownership of lakefront property; rather, we look to the scope of dedication.

We are convinced by the nature of the alley and the public dedication that one of the purposes of the alley was to provide public access to the lake, including the right to erect and maintain a dock. The acquiescence of plaintiffs and other lakefront residents for at least 25 years strongly supports our determination of the scope of dedication of the platted property. Furthermore, we agree with the trial court that the fact that an individual member of the public, as opposed to a municipal body, erected the dock does not alter our conclusion, so long as the dock remains available for the use of the general public.

Plaintiffs next challenge the trial court's finding that the seasonal dock is not a structure for which a permit is required pursuant to the Inland Lakes and Streams Act, MCL 281.951 *et seq.;* MSA 11.475(1) *et seq.*

MCL 281.953; MSA 11.475(3) requires a permit to be obtained before a person may construct a

structure on bottomland, but MCL 281.954(b); MSA 11.475(4)(b) excepts from this requirement:

"A seasonal structure placed on bottomland to facilitate private noncommercial recreational use of the water if it does not unreasonably interfere with the use of the water by others entitled to use the water or interfere with water flow."

A dock which is removed at the end of the boating season is included in the definition of "seasonal structure". MCL 281.952(n); MSA 11.475(2)(n).

At trial, plaintiffs attempted to show that the dock is a commercial structure by eliciting testimony from defendant that the use of the dock is a factor in the monthly rent charged to tenants of the back-lot cottages owned by defendant. Defendant neither restricts the use of the dock to those tenants nor charges fees specifically for using the dock. Accordingly, we find no reason to disturb the trial court's finding that the dock should not be classified as a private, commercial structure for which a permit is required. The restrictions on the use of the dock ordered by the trial court insure that the public's use of the dock does not unreasonably interfere with plaintiffs' reasonable use of the waters as riparian owners. *Beach v Hayner,* 207 Mich 93; 173 NW 487 (1919).

Finally, we deny plaintiffs' request to remand this case to the trial court for consideration of the issue of damages. When defense counsel asked on cross-examination what relief was desired, plaintiff Meyer responded that he was asking for defendant to be permanently prohibited from erecting the dock. Furthermore, the only evidence of damages introduced by plaintiffs concerned a decreased ability to launch their respective boats. The trial court found that Finch Point is a highly developed area

and that plaintiffs' lots are small, with lake frontages of approximately 40 feet. These findings indicate that the court considered the evidence of damages and concluded that none were in order. We agree.

Affirmed.