## JACOBS v LYON TOWNSHIP

Docket No. 107378. Submitted October 3, 1989, at Grand Rapids. Decided December 5, 1989. Leave to appeal applied for.

Lyon Township, which borders Higgins Lake, adopted an ordinance governing the public use of those portions of its public streets which terminate at the lake. The ordinance provides that not more than one nonexclusive private dock be built at each road-end and that such docks be maintained for public use. The ordinance prohibits overnight mooring of watercraft, prohibits permanent mooring posts, permits the erection of boat hoists, prohibits parking on the roadway, and prohibits the dry storage of boats, boat hoists, docks and other items on the land at each road-end. The ordinance provides that, unless otherwise prohibited, the public may use the road-ends for lounging, picnicking, swimming, fishing and boating, provided such activities do not create a safety hazard, cause unreasonable congestion, interfere with the intended use, or otherwise disturb the peace. N. Jacobs and several other lakefront lot owners brought an action in the Roscommon Circuit Court against Lyon Township and others, alleging in part that the ordinance permits and encourages public activities which exceed the scope of the dedication of the streets. Following a bench trial, the court, Carl L. Horn, J., issued a judgment in favor of defendants. Plaintiffs appealed.

The Court of Appeals *held:*

Public streets terminating at the shore of a navigable body of water are treated differently under Michigan law than public streets running parallel to the shore. Public ways which terminate at the edge of navigable waters have generally been held to provide public access to the water and to entitle a municipality, on behalf of its citizens, to construct dockage at the end of such streets to aid the public's access. The right to construct dockage does not depend on whether the public owns the fee or holds an easement. Rather, it depends upon the scope of the

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges § 256.
See the Index to Annotations under Beaches and Shores; Highways and Streets; Waters and Waterways; Wharves, Piers, and Docks.

dedication, which in the case of a dedicated street terminating at the edge of navigable waters is presumed to include an intention to give access to the water and permit the building of structures to aid in that access. Because of the public's right of access inherently implied in the dedication of public streets terminating at the edge of navigable waters, the public may, as in this case, be entitled to build a dock and to use the waters for swimming, wading, fishing, boating, and to temporarily anchor boats. However, those provisions of the ordinance challenged in the case which relate to shore activities such as sunbathing, picnicking and lounging, erection of boat hoists, permanent mooring of boats and permanent anchoring are invalid since they exceed the scope and intent of the dedication of the properties for use as streets.

Affirmed in part and reversed in part.

NAVIGABLE WATERS — DOCKS — PUBLIC STREETS — PLATS — DEDICATION.

Public ways which terminate at the edge of navigable waters are generally deemed to provide public access to the water; a municipality, on behalf of its citizens, is entitled to construct dockage at the end of such streets to aid the public's access; the right to construct dockage depends upon the scope of the dedication, which in the case of a dedicated street terminating at the edge of navigable waters is presumed to include an intention to give access to the water and permit the building of structures to aid in that access.

*David J. Haywood,* for plaintiffs.

*Douglas C. Dosson,* for defendants.

Before: WAHLS, P.J., and GRIBBS and R. B. BURNS,* JJ.

PER CURIAM. This case involves the scope of riparian rights attendant to certain road-end properties held by defendant Lyon Township and dedicated for use as streets. The streets run perpendicular to Higgins Lake. At issue is Lyon Township Road-End Ordinance No. 31, which purports to

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

regulate public use of the road-ends for lake access and recreation. Plaintiffs, lakefront corner-lot owners, filed suit alleging, inter alia, that Ordinance 31 permitted and encouraged public activities that exceeded the scope of the statutory dedication of the streets, and that the township, through enactment of the ordinance, had intentionally created a nuisance. Following a bench trial, the circuit court ruled in favor of defendants. Plaintiffs appeal as of right. We affirm in part and reverse in part.

For several years, the public has made use of the subject road-ends at Higgins Lake for lounging, sunbathing, picnicking, camping, mooring of vessels, and other activities which resulted in excessive noise, debris and other interference with plaintiffs' quiet enjoyment of their properties. Testimony indicated that several private docks in various stages of dilapidation existed at each of the subject road-ends prior to 1987, giving rise to both aesthetic and safety concerns. Public activity spilled over from the forty-foot wide road-end area into the adjacent properties despite fences, "no trespassing" signs and other attempts to curtail its spread. Plaintiffs' testimony suggests an atmosphere of antagonism between the lakefront property owners and the general public together with reluctance on the part of police officers to intervene.

In 1987, apparently in response to the ongoing shoreline conflict, defendant township enacted Ordinance 31 which purports to govern public water and land-related activity at lake road-ends. In short, the ordinance provides for the erection of no more than one nonexclusive private dock at each road-end which must be maintained for public use, prohibits overnight mooring, prohibits permanent mooring posts, permits the erection of boat hoists, prohibits parking on the roadway, and prohibits

the dry storage of boats, boat hoists, docks, et cetera on the land at the road-end. The ordinance provides that, except as otherwise prohibited, the general public may use the road-ends for "lounging, picnicking, swimming, fishing and boating, provided such activities do not create a safety hazard, cause unreasonable congestion, interfere with the intended use, or otherwise disturb the peace."

The several docks which had existed prior to the enactment of Ordinance 31 were subsequently replaced by a single dock at each road-end. Several boat hoists have been built adjacent to each of these docks and testimony indicated that up to seven or eight boats per dock are regularly stored in the boat hoists, apparently on a seasonal basis. Plaintiffs testified that boats have been chained to the shore or permanently anchored, sometimes for several weeks, adjacent to the road-end docks and that members of the public have used the docked and anchored boats at the dock for overnight camping, late-night partying, all-day sunbathing, sports, lounging and picnicking.

Plaintiffs brought this suit claiming, among other things, that the uses and activities expressly permitted by Ordinance 31 exceeded those contemplated by the dedication of the streets to public use, interfered with plaintiffs' quiet enjoyment of their property, and constituted a nuisance.

Following a bench trial, the trial court held that Ordinance 31 did not grant the public more riparian rights than are generally recognized as access rights. We do not agree.

Plaintiffs do not dispute that some riparian rights arise from the township's property interest in the subject road-ends. Public streets terminating at the shore of a navigable body of water are treated differently under Michigan law than public

streets running parallel to the shore. Public ways which terminate at the edge of navigable waters have generally been held to provide public access to the water and to entitle a municipality, on behalf of its citizens, to construct dockage at the end of such streets to aid the public's access. The right to construct dockage does not depend on whether the public owns the fee or holds an easement. Rather, it depends upon the scope of the dedication, which in the case of a dedicated street terminating at the edge of navigable waters is presumed to include an intention to give *access* to the water and permit the building of structures to aid in that *access.* Any dock so constructed must be made available for the use of those to whom the way is dedicated. *Thies v Howland,* 424 Mich 282, 295-296; 380 NW2d 463 (1985); *Thom v Rasmussen,* 136 Mich App 608, 612-613; 358 NW2d 569 (1984). But "it is not to be inferred" that a municipality has a right to appropriate road-ends to any use inconsistent with the dedication. *Backus v Detroit,* 49 Mich 110, 115; 13 NW 380 (1882).

We reject defendants' claim that the scope of the dedication is irrelevant where, as here, the municipality owns a fee interest rather than an easement. Although the parties disagree, we believe that the reasoning in *Kalkaska v Shell Oil Co (After Remand),* 433 Mich 348; 446 NW2d 91 (1989), is applicable here. The underlying facts in *Kalkaska,* which involve gas and oil rights, are admittedly different than here. However, *Kalkaska* also addresses the nature of the fee taken by a municipality pursuant to statutory dedication and the principle that the intended scope of the dedication may limit the rights normally attending a fee interest.

In *Kalkaska,* as here, the subject property had been dedicated for use as public streets. As here,

the municipality in *Kalkaska* asserted that the fee ownership conveyed by the plat act transferred all the incidents of ownership that attach to an absolute fee. Our Supreme Court rejected that argument and ruled that the plat act, 1887 PA 309, did not give municipalities the usual rights of a proprietor, despite the statutory language purporting to vest the fee of transferred land. See MCL 560.253; MSA 26.430(253). *Kalkaska, supra,* pp 356-358. The use of oil, mineral and gas rights in *Kalkaska* was not necessary to the use and maintenance of the property as a street, and the Court ruled that the city had no proprietary interest in those rights.

As noted previously, dedication of public streets which terminate at the edge of navigable waters inherently implies a right to public access. Because of their right of access, the public may be entitled to build a dock and to use the waters for swimming, wading, fishing, boating, and to temporarily anchor boats. *Beach v Hayner,* 207 Mich 93, 98; 173 NW 487 (1919); *McCardel v Smolen,* 404 Mich 89, 96; 273 NW2d 3 (1978).

In this case, we believe that the construction of boat hoists, seasonal boat storage and the use of road-ends for lounging and picnicking exceed the scope and intent of the dedication of property for use as streets. Those activities are not necessary to either the use and maintenance of the streets, or to provide public access to the water. As our Supreme Court noted in *McCardel*:

> Lounging and picnicking on this wide boulevard, activities which need not involve use of the water, are not riparian or littoral rights. We agree with the Court of Appeals that "[t]hose activities are in no way directly related to a true riparian use of the waters of Higgins Lake; even assuming that the defendants choose to lounge and picnic on the

boulevard because of the lake's proximity. In that context, the only 'use' of the water is the enjoyment of its scenic presence." . . .

The question whether the public has the right to enter and leave the water from the boulevard, like the question whether they may lounge and picnic on the boulevard, depends, rather, on the scope of the dedication. [404 Mich 97.]

Plaintiffs also claim that the public beach and party activities on the road-ends created a nuisance and plaintiffs seek abatement of those activities. We need not review the trial court's ruling on plaintiffs' nuisance claim in light of our decision that the portions of the ordinance permitting those activities beyond the scope of the dedication in this case must be stricken.

The trial court's decision that the erection of docks at the ends of the subject streets was within the scope of the dedication of the properties for use as streets, and that legal access permits reasonable public use of all surface waters for purposes of recreational use is affirmed. The trial court's decision that the scope of the dedication included shore activities such as sunbathing, picnicking and lounging, erection of boat hoists, permanent mooring of boats and permanent anchoring is reversed.

Affirmed in part and reversed in part.