JACOBS v LYON TOWNSHIP (AFTER REMAND)

Docket No. 140318. Submitted December 1, 1992, at Grand Rapids. Decided May 18, 1993, at 9:25 A.M. Leave to appeal sought.

N. Jacobs and several other Higgins Lake lakefront, corner-lot owners brought an action in the Roscommon Circuit Court against Lyon Township and others, alleging, in part, that Lyon Township Road-End Ordinance No. 31, which allowed the erection of no more than one nonexclusive dock at each road end to be maintained for public use, permitted the erection of boat hoists, and provided that the road ends may be used by the public for lounging, picnicking, swimming, fishing, and boating, encouraged activities that exceeded the scope of the statutory dedication of the streets in the original plat to the use of the public. The court, Carl L. Horn, J., issued a judgment for the defendants. The plaintiffs appealed. The Court of Appeals, WAHLS, P.J., and GRIBBS and R.B. BURNS, JJ., affirmed the trial court's finding that the erection of docks at the end of the subject streets was within the scope of the dedication of the streets for the use of the public, but reversed the finding that activities such as the construction of boat hoists, seasonal boat storage, and the use of the road ends for lounging and picnicking were within the scope and intent of the dedication. 181 Mich App 386 (1989). The Supreme Court, in lieu of granting leave to appeal, vacated the decisions of the Court of Appeals and the trial court and remanded the case to the trial court with instructions to conduct an evidentiary hearing and determine whether each of the disputed activities was within the scope of the plat dedication. 434 Mich 922 (1990). Before the case was remanded, the township revised the ordinance. Revised Lyon Township Road-End Ordinance No. 31 does not explicitly permit or prohibit the use of the road ends for lounging, picnicking, or sunbathing. On remand, after conduct-

REFERENCES

Am Jur 2d, Boats and Boating §§ 23, 24; Highways, Streets, and Bridges § 256; Waters §§ 52, 93, 94.

Right of public in shore of inland navigable lake between high- and low-water marks. 40 ALR3d 776.

Rights of fishing, boating, bathing, or the like in inland lakes. 57 ALR2d 569.

ing a hearing, the court found that the scope of the dedication permitted the installation of one nonexclusive dock at the end of each of the roads leading to the lake, the use of boat hoists in the water at the end of those roads, and the use of those road ends for swimming, fishing, boating, and uses incidental thereto. The court concluded that shore activities were also included within the scope of the dedication. The plaintiffs appealed.

After remand, the Court of Appeals *held:*

The Court of Appeals reached the correct result in its prior decision. There was no intent on the part of the person who platted the subject area in 1902 to include, as part of the dedication of the roads to the public, anything more than access to the lake. The trial court's findings that the scope of the dedication permitted the installation of one nonexclusive dock at the end of each of the roads leading to the lake, and that the public was entitled to reasonable use of the water for boating, swimming, and fishing are supported by the record and are affirmed. The trial court's findings that the erection of boat hoists and the shore activities, such as sunbathing, lounging, or picnicking were within the scope of the plat dedication were not supported by the record and were clearly erroneous. Those findings must be reversed.

Affirmed in part and reversed in part.

1. NAVIGABLE WATERS — PUBLIC STREETS — PUBLIC ACCESS.

   Streets dedicated to the public that terminate at the edge of navigable waters generally are deemed to provide public access to the water; the members of the public who are entitled to access to navigable waters have a right to use the surface of the water in a reasonable manner for such activities as boating, fishing, and swimming; an incident of the public's right of navigation is the right to anchor boats temporarily.

2. NAVIGABLE WATERS — PUBLIC STREETS — DOCKS — PLATS — DEDICATION.

   The right of a municipality to build a wharf or dock at the end of a public street terminating at the edge of navigable waters is based upon the presumption that the platter intended to give access to the water and permit the building of structures to aid in that access; the extent to which the right of public access includes the right to erect a dock or boat hoists or the right to sunbathe and lounge at the end of the street depends on the scope of the dedication; the intent of the dedicator is to be

determined from the language used in the dedication and the surrounding circumstances.

*Law Offices of William L. Carey* (by *William L. Carey* and *Pamela Stefan*), for the plaintiffs.

*Douglas C. Dosson,* for the defendants.

Amicus Curiae:

*Butzel Long* (by *James Y. Stewart*), for Higgins Lake Property Owners Association.

AFTER REMAND

Before: HOOD, P.J., and NEFF and REILLY, JJ.

PER CURIAM. Plaintiffs appeal as of right from an April 26, 1991, circuit court order. We affirm in part and reverse in part.

This case is before this Court for a second time. At issue is Lyon Township Road-End Ordinance No. 31, which purports to regulate public use of the ends of roads running perpendicular to the shoreline of Higgins Lake. Plaintiffs, lakefront, corner-lot owners, filed suit alleging, inter alia, that Ordinance No. 31 permitted and encouraged activities that exceeded the scope of the statutory dedication of the streets in the original plat "to the use of the Public."

The trial court found in favor of defendants and upheld the provisions of the ordinance that, at that time, allowed the erection of no more than one nonexclusive dock at each road end to be maintained for public use, permitted the erection of boat hoists, and provided that the road ends may be used by the public for "lounging, picnick-

ing, swimming, fishing and boating."[1] Plaintiffs appealed to this Court, which affirmed the trial court's finding that the erection of docks at the end of the subject streets was within the scope of the dedication of the streets for the use of the public. However, this Court ruled that the trial court erred in finding that activities such as the construction of boat hoists, seasonal boat storage, and the use of the road ends for lounging and picnicking were within the scope and intent of the dedication. *Jacobs v Lyon Twp,* 181 Mich App 386; 448 NW2d 861 (1989). The Supreme Court vacated the decisions of this Court and the circuit court and remanded the matter to the trial court with instructions that the trial court conduct an evidentiary hearing and determine whether each of the disputed activities was within the scope of the plat dedication. 434 Mich 922 (1990).

Before the remand in this case, Ordinance No. 31 was revised. The revised ordinance does not explicitly permit or prohibit the use of the road ends for lounging, picnicking, or sunbathing.

After conducting a hearing on remand as ordered by the Supreme Court, the trial court found that the scope of the dedication permitted (1) the installation of one nonexclusive dock at the end of each of the roads leading to the lake, (2) the use of boat hoists in the water at the end of those roads, and (3) the use of those roads as designated in § 7 of the ordinance. That section provides that "the general public may utilize any lateral road end and/or right-of-way as extended into Higgins Lake for swimming, fishing, boating, and uses incidental thereto." The trial court issued an addendum to its order that provided that "shore activities" were also included within the scope of the dedication.

---

[1] The ordinance prohibited overnight mooring of boats, parking on the roadway, and dry storage of boats, boat hoists, docks, and so forth on the land at the road end.

Although plaintiffs raise several issues on appeal, we confine our review to the issue upon which the Supreme Court remanded this case to the trial court, i.e., whether the disputed activities are within the scope of the plat dedication.

The property that now constitutes Lyon Manor Subdivision was platted in 1902. The plat act in effect at the time of the dedication provided:

> The map so made and recorded in compliance with the provisions of this act shall be deemed a sufficient conveyance to vest the fee of such parcels of land as may be therein designated for public uses in the city or village within the incorporate limits of which the land platted is included, or if not included within the limits of any incorporated city or village, then in the township within the limits of which it is included in trust to and for the uses and purposes therein designated, and for no other use or purpose whatever. [1887 PA 309.]

The original plat dedicated the streets, including the streets at issue in this case, "to the use of the Public."

Publicly dedicated streets that terminate at the edge of navigable waters are generally deemed to provide public access to the water. *Thies v Howland,* 424 Mich 282, 295; 380 NW2d 463 (1985)[2]; *McCardel v Smolen,* 404 Mich 89, 96; 273 NW2d 3 (1978); *Backus v Detroit,* 49 Mich 110; 13 NW 380 (1882). The members of the public who are entitled to access to navigable waters have a right to use the surface of the water in a reasonable manner for such activities as boating, fishing, and swimming. An incident of the public's right of naviga-

---

[2] In *Thies,* the Court ruled that public ways that terminate at the edge of a navigable body of water are treated differently from those that run parallel to the shore. *Thies, supra* at 295.

tion is the right to anchor boats temporarily. *Thies, supra* at 288. The right of a municipality to build a wharf or dock at the end of a street terminating at the edge of navigable waters is based upon the presumption that the platter intended to give access to the water and permit the building of structures to aid in that access.[3] *Thies, supra* at 296. The extent to which the right of public access includes the right to erect a dock or boat hoists or the right to sunbathe and lounge at the road end depends on the scope of the dedication. *McCardel, supra* at 97; *Thom v Rasmussen,* 136 Mich App 608, 612; 358 NW2d 569 (1984). The intent of the dedicator is to be determined from the language used in the dedication and the surrounding circumstances. *Thies, supra* at 293; *Bang v Forman,* 244 Mich 571, 576; 222 NW 96 (1928).

On remand, defendants attempted to establish the scope of the dedication through the testimony of witnesses who have lived in the area for many years. Understandably, no witness was able to testify regarding the circumstances surrounding the original dedication in 1902. However, witnesses were able to testify regarding the use of the area as far back as the early 1920s. The testimony indicated that the area along the lake was used by members of the public, in addition to the lakefront property owners, for lounging and picnicking purposes. There was also testimony that boats were pulled up along the beach and that back-lot property owners may have erected docks at certain road ends. However, we do not believe that this testimony establishes that the disputed activities are properly within the scope of the plat dedication of the streets for public use.

[3] However, it is not to be inferred that the municipality has the right to appropriate the road ends to any use inconsistent with the dedication. *Backus, supra* at 120.

The testimony of the witnesses also indicated that during the 1920s and 1930s few people lived in the area and that those who did freely used the entire lakefront area for recreational purposes and for access to the lake. There was no indication that such activity was restricted to the road ends. In fact, because of the small number of people living in the area, there seems to have been no need to provide for or to restrict the activities of the public to the road ends. Thus, it appears likely that there would have been no intent on the part of the platter in 1902 to include, as part of the dedication of the roads to the public, anything more than access to the lake. After reviewing the record created on remand, we are convinced that this Court reached the correct result in its prior decision.

Accordingly, we affirm the trial court's finding that the scope of the dedication permitted the installation of one nonexclusive dock at the end of each of the roads leading to the lake, and that the public was entitled to reasonable use of the water for boating, swimming, and fishing. See *Thies, supra.* However, we reverse the portion of the trial court's order that determined that the erection of boat hoists and the shore activities, such as sunbathing, lounging, or picnicking, were within the scope of the plat dedication, because those findings were not supported by the record and were clearly erroneous. MCR 2.613(C).

Affirmed in part and reversed in part.