# STATE OF MICHIGAN

# COURT OF APPEALS

In re JOSEPH M. DRAGO REVOCABLE TRUST
AGREEMENT DATED AUGUST 11, 1992.

JANET DRAGO, Trustee,

        Plaintiff/Counter-Defendant-
        Appellant,

v

DENNIS C. SAVAGE, SHELLEY J .SAVAGE,
ALLAN D. WALKER, JOY C. WALKER, and
GUADALUPE VILLEGAS,

        Defendants/Counter-
        Plaintiffs/Third-Party Plaintiffs-
        Appellees,

v

JANE DRAGO,

        Third-Party Defendant.

UNPUBLISHED
January 16, 2018

No. 335472
Clare Circuit Court
LC No. 15-900454-CH

Before: METER, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals as of right the judgment of the trial court, following a bench trial, of no cause of action. Plaintiff sought to limit the rights of non-riparian lot owners to maintain a dock at the end of a dedicated private road abutting a lake. The trial court found that caselaw supported the conclusion that a dock could be maintained at the end of the private road and that boats could be moored there. It denied plaintiff's request that the dock be removed. We affirm.

Plaintiff argues that the trial court erred in finding that lot owners in the Raevena Shores Subdivision were permitted to maintain a dock at the end of the private drive. We review the trial court's findings of fact for clear error and its conclusions of law de novo. *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 531; 695 NW2d 508 (2004). "A finding is clearly erroneous when, although there is evidence to support it, the

reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." *Higgins Lake Prop Owners Ass'n v Gerrish Twp*, 255 Mich App 83, 92; 662 NW2d 387 (2003).

A riparian owner has the right to build and maintain a dock at the edge of the water. *Dyball v Lennox*, 260 Mich App 698, 705; 680 NW2d 522 (2004).[1] A dedication of land for private use in a plat conveys "an irrevocable easement in the dedicated land." *Little v Hirschman*, 469 Mich 553, 564; 677 NW2d 319 (2004). The "reservation of a right of way for access" to a body of water "does not give rise to riparian rights," but a riparian property owner may "grant an easement to backlot owners to enjoy certain rights that are traditionally regarded as exclusively riparian." *Dyball*, 260 Mich App at 706 (quotation marks and citation omitted).

Here, the plattors of the Raevena Shores Subdivision dedicated "the streets as shown on said plat" to "the use of The public excepting those indicated as 'Private' which are dedicated to the use of The Lot Owners, including the area between the mean low water line and the shore line Traverse line." At issue in this case is a street between lots 31 and 32 that ends at the lake and that was designated as private on the plat map.

Plaintiff argues that the trial court erred in finding that defendants-appellees ("defendants") were riparian landowners, but the trial court made no such finding; it determined that defendants had access to the road and could maintain a dock based on cases that involved rights incident to a dedication of platted property. Essentially, the court concluded that the plattors of Raevena Shores Subdivision reserved a private way of access to the lake for the lot owners of the subdivision.

Plaintiff argues that the trial court did not properly consider the language of the dedication in considering whether a dock should be permitted at the end of the private road abutting the lake. Whether the plattors intended to grant rights to non-riparian owners is determined from the language of the dedication and the surrounding circumstances. *Id*. at 703-704, 708; *Jacobs v Lyon Twp*, 199 Mich App 667, 672; 502 NW2d 382 (1993); *Thies v Howland*, 424 Mich 282, 293; 380 NW2d 463 (1985). The extent of the right of the non-riparian owners of the Raevena Shores Subdivision to use the end of the private road to maintain a dock depended on whether the scope of the dedication of the platted property encompassed the right. *Higgins Lake Prop Owners Ass'n*, 255 Mich App at 94, 99; *Thom v Rasmussen*, 136 Mich App 608, 612; 358 NW2d 569 (1984).

Generally, roads that are dedicated for public use and terminate at the shore of navigable waters are presumed to have been intended to provide public access to the water. *Thies*, 424 Mich at 295; *Higgins Lake Prop Owners Ass'n*, 255 Mich App at 96. Even though this presumption applies to roads dedicated to the public, the Court in *Thies*, 424 Mich at 296, stated: "The fact that only subdivision owners can use the alleys and docks would not require a different

---

[1] A "riparian owner" is a person who owns land bounded by water and "riparian rights" are "special rights to make use of water in a waterway adjoining the owner's property." *Dyball*, 260 Mich App at 705 (quotation marks and citations omitted).

result." Thus, a road dedicated to private use that terminates at the edge of a lake should be presumed to have been intended to provide access to the lake.

Individuals who "gain access to a navigable waterbody have a right to use the surface of the water in a reasonable manner for such activities as boating, fishing and swimming," as well as the right to temporarily anchor boats. *Dyball*, 260 Mich App at 707-708 (quotation marks and citations omitted); see also *Thies*, 424 Mich at 288. The right to build a dock at the end of an access road is derived from the plattor's intent to provide access to the water, because building the dock aids in the access. *Higgins Lake Prop Owners Ass'n*, 255 Mich App at 95-96; *Jacobs*, 199 Mich App at 671-672; *Thies*, 424 Mich at 296. Thus, plaintiff "cannot prevent defendants from erecting a dock" where the dock is "within the scope of the plat's dedication" and does "not unreasonably interfere with plaintiff's use and enjoyment of [her] property." *Thies*, 424 Mich at 289.[2]

Because the dedication was of "streets" that are perpendicular with and terminate at the waterfront that is referenced in the dedication, it is presumed that the dedication was intended to be used by the owners in the Raevena Shores Subdivision to access the water, including using the surface of the water in a reasonable manner for such activities as boating, fishing and swimming, as well as constructing a dock to temporarily anchor boats. *Higgins Lake Prop Owners Ass'n*, 255 Mich App at 95-96; *Jacobs*, 199 Mich App at 671-672. The plain language of the dedication permits use past the shoreline to the mean low water line, indicating an intention to allow access into the water in order to use the lake. Rather than the language of the dedication explicitly limiting the private access to ingress and egress to the water's edge, as in *Dyball*, 260 Mich App at 699-700, 708-709, the dedication references the water. The trial court did not err in dismissing plaintiff's claims because the plat dedication included use of the private drive by non-riparian Raevena Shores Subdivision owners to access the lake, and this access included a dock.[3]

Plaintiff also argues that the trial court erred in allowing overnight mooring of boats on the dock. The trial court found that "a dock may be placed at the end of the private road, consistent with the manner of use revealed in the testimony at trial," and that "the lot owners

---

[2] When asked how the dock interfered with her use of her property, plaintiff said, "[r]eally not too much . . . ."

[3] The testimony of residents of the subdivision that the area had historically been used to access the water, and included a dock, accords with a finding that the area was intended to be used for access to the water and that a dock was to be included. Defendant Shelley Savage had witnessed a dock present at the end of the private road for the 26 years that she had been in the area of the subdivision, and plaintiff said that she believed that a dock had been present for the 40 years she had been in the subdivision. See *Jacobs*, 199 Mich App at 672-673 (discussing witness testimony). Plaintiff, citing *Higgins Lake Prop Owners Ass'n*, 255 Mich App at 103, argues that these historical uses were irrelevant because they were not contemporaneous with the 1949 dedication. However, even if we disregard this testimony about historical uses, we find no error in the trial court's ruling.

may moor boats temporarily to the dock consistent with *Higgins Lake Prop Owners Ass'n*," but did not state that temporary mooring included overnight mooring. Plaintiff argues that the trial court allowed unlimited use of the dock, including overnight mooring, which was beyond the scope of the dedication. The trial court allowed use of the access way consistent with the trial testimony, which included plaintiff's unchallenged testimony that boats were no longer moored overnight at the dock. The trial court also specifically cited and discussed an unpublished case wherein the Court affirmed the trial court's finding that one nonexclusive dock was permitted and overnight mooring, non-temporary docking, and certain recreational activities were not allowed by an easement created by a plat dedication allowing use of a lane to access a lake.

As discussed, there was no evidence of the intent of the plattors at the time of the dedication of the road. However, as discussed, the dedication includes the right to build a dock at the end of the private road because a dock aids in accomplishing the plattor's intent to provide access to the water. Unlimited use of the dock, or permanent mooring of boats, is not within the language of the dedication because this activity would go beyond the parameters of the dock's use incident to accessing the water; it would essentially be for the purpose of boat storage. However, owners of property in the Raevena Shores Subdivision are entitled to moor boats temporarily to the dock incident to their right to access and navigate the water. *Higgins Lake Prop Owners Ass'n*, 255 Mich App at 104; *Jacobs*, 199 Mich App at 671-672; *Thies*, 424 Mich at 288. The trial court did not clearly err in finding that "the lot owners may moor boats temporarily to the dock," but this does not mean that boats may be moored overnight.

Finally, plaintiff argues that the trial court erred to the extent that it relied on a prescriptive easement and the tacking of the time that predecessors in interest used the dock. However, the trial court did not make any findings regarding, or ever discuss, a prescriptive easement. Further, no claim for a prescriptive easement had been made in the pleadings. The trial court's findings of fact included a finding that "a dock may have been present off the private road for decades," but the conclusions of law did not involve a prescriptive easement, and the trial court determined that the "legal issue vital to this case is whether a nonexclusive dock may be placed at the end of the private road." The trial court resolved the legal issue vital to the case without using the concept of a prescriptive easement. Thus, there are no findings and there is no decision to review regarding a prescriptive-easement theory. Defendants' rights and the trial court's decision were derived from caselaw interpreting the dedication of land in the plat.

Affirmed.


/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra