## GAWRYLAK *v.* COWIE.

1. DEEDS—COMMON GRANTOR—DESCRIPTION.

   The unambiguous description in deed to plaintiffs' grantor from the common grantor is followed in ejectment action relative to boundary between plaintiffs' lake-front lot and defendants' adjoining lot which they held under a subsequent deed from the common grantor, since the legal force and effect of the prior conveyances may not be regarded as modified in any way by the subsequent deed of the remainder of the parcel owned by the common grantor.

2. SAME—AMBIGUITY—CONSTRUCTION—INTENT.

   A deed of conveyance, if not ambiguous in its terms, must be construed as written, the meaning of the words used, and not what the parties may have intended by such language, being controlling.

3. SAME—COMMON GRANTOR—CONSTRUCTION—INTENT.

   Claim of defendants in ejectment suit to determine boundary between the lake-front lots of the parties that direction "north" in each deed from the common grantor should be construed as "northwesterly" is rejected, where such a result would operate to create a difference in size between the parcel conveyed to plaintiffs' grantor by his mother, the common grantor, and the parcel subsequently conveyed to defendants' grantor, the brother of plaintiffs' grantor, where to do so would obviously be inconsistent with the claim that it was the intention of the common grantor to divide the land that she owned equally between the 2 sons.

Appeal from Huron; Bach (Arthur M.), J. Submitted October 18, 1957. (Docket No. 89, Calendar No. 47,182.) Decided December 24, 1957.

REFERENCES FOR POINTS IN HEADNOTES

[2] 16 Am Jur, Deeds §§ 160, 169.
[3] 16 Am Jur, Deeds § 168 *et seq.*

Ejectment by Peter Gawrylak and Frances Gawrylak against Alex Cowie and Emily Cowie for possession of lake-front land. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Donald R. Clark,* for plaintiffs.

*Frederick S. Beach,* for defendants.

CARR, J. Plaintiffs are the owners of a parcel of land located in the township of Sand Beach, Huron county. Their lot is contiguous on the north to land of the defendants. A dispute having arisen as to the exact location of the boundary line, plaintiffs brought this action in ejectment for the purpose of determining the matter, alleging that defendants were wrongfully occupying a portion of their lot. The trial judge, hearing the matter without a jury, determined the issues involved in favor of the plaintiffs, judgment was entered accordingly, and defendants have appealed.

The controversy involves the interpretation of certain deeds conveying the lots in question. It does not appear that there is any material dispute as to the facts. Under date of July 30, 1885, Aurelius C. Burley became the owner of both of said lots by virtue of a conveyance to him describing the property as follows:

"Commencing at the southeast corner of lot No. 1 of section No. 1, township 16 north, range 15 east, for a place of beginning and running thence north 12 rods, thence west 27 rods, thence south 12 rods, and thence east 27 rods to place of beginning."

Mr. Burley died in 1930, leaving as his heirs his widow Katherine and 4 sons. Following an order of determination of heirs made by the probate court of Huron county in July, 1938, the sons, by quitclaim

deed, conveyed their respective interests to their mother, thus making her sole owner of the real estate conveyed to her husband in 1885, as above set forth.

On February 29, 1940, Mrs. Burley, by warranty deed, conveyed a part of said parcel to her son Everett J. Burley, describing the subject matter of the conveyance as follows:

"Commencing at southeast corner of lot 1, section 1, township 16 north, range 15 east, thence north 6 rods, west 27 rods, south 6 rods, east 27 rods to place of beginning."

By like description Everett J. Burley, on October 3, 1953, conveyed his lot to the plaintiffs.

On October 15, 1940, Katherine Burley, apparently with the purpose in mind of conveying the balance of the parcel, to which she had acquired title in the manner indicated, to her son Raymond, executed and delivered to him a warranty deed describing such remainder as:

"Commencing 6 rods north of the southeast corner of lot 1, section 1, township 16 north, range 15 east, thence north 6 rods, thence west 27 rods to US–25, thence south along US–25 six rods, thence east 27 rods to place of beginning."

Following the death of Raymond, the administrator of his estate, pursuant to authority granted by the probate court of the county, deeded said lot to Dale L. Burley, who, on November 9, 1946, conveyed it by warranty deed to the defendants. In each of the last 2 conveyances mentioned the description of the property as contained in Katherine Burley's deed to her son Raymond was followed.

On the trial of the case plaintiffs introduced the testimony of a registered land surveyor who made a survey of their lot in accordance with the description set forth in the deeds in their chain of title. The wit-

ness prepared a drawing indicating the results of his work, which was offered in evidence as. an exhibit. On behalf of defendants, a civil engineer who had made a so-called topographic survey of their property, with reference to physical appearances, testified to the results of his work which was based on statements made to him by defendants setting forth their claims with respect to the limits of their property. Such survey, and defendants' exhibit based thereon, disregarded the legal description of the property as contained in the conveyances thereof.

It was defendants' position on the trial, and likewise in this Court on appeal, that the term "north" as used in the deeds should be construed to mean "northwesterly," on the theory that it was the intention, in each of the conveyances in question, that the line from the starting point should follow the shore of Lake Huron. Emphasis is placed on the fact that if the description in the conveyances is followed literally, and the line measured north as directed, some of the land described is, at the present time at least, beneath the water of the lake. The trial judge concluded that the descriptions of the lots as set forth in the deeds were not ambiguous, and that under the generally-accepted rule they must be followed.

We are primarily concerned, in determining the issues raised by the parties to the cause, in the interpretation of the conveyances in plaintiffs' chain of title. No ambiguity appears therein. The deed executed by Katherine Burley to Everett J. Burley was in accord with prior conveyances. It may be assumed that Mrs. Burley considered that the description as appearing in the deeds in her chain of title was correct. Likewise, Everett, in deeding the property to plaintiffs in October, 1953, accepted it as correctly designating the lot that he had owned for several years. It will be noted that the conveyance by

Katherine Burley in defendants' chain of title was executed several months following the deed given by her to her son Everett. The legal force and effect of the prior conveyances may not be regarded as modified in any way by the subsequent deed of the remainder of the parcel that Mrs. Burley owned.

This Court has recognized in prior decisions that a deed of conveyance, if not ambiguous in its terms, must be construed as written. In *Burling* v. *Leiter,* 272 Mich 448, 454 (100 ALR 1312), it was said:

"One who owns a tract of land, or 2 or more adjoining lots, when no public or private rights are interposed, may sell any portion he pleases, and the terms of the grant as they appear from the language of the deed legally construed will measure the rights of the grantee. *Salisbury* v. *Andrews,* 19 Pick (36 Mass) 250; *Warren* v. *Blake,* 54 Me 276 (89 Am Dec 748)."

The foregoing language from the opinion in the *Burling Case* was referred to with approval in *Rusk* v. *Grande,* 332 Mich 665, 669, 670. The general rule with reference to the matter is stated in 26 CJS, Deeds, § 86, p 828, as follows:

"In other words, it is the duty of the court to construe a deed as it is written, and if a deed is clear and unambiguous, it is to be given effect according to its language, for the intention and understanding of the parties must be deemed to be that which the writing declares. The meaning of the words used, and not what the parties may have intended by such language, is controlling."

Such statement is in accord with the recognition in *Farabaugh* v. *Rhode,* 305 Mich 234, 240, that:

"The general rule is that courts will follow the plain language in a deed in which there is no ambiguity."

The Court further discussed the situation presented where conveyances are ambiguous in their terms and fail to express the obvious intention of the parties. Of like import is *Taylor* v. *Taylor,* 310 Mich 541 (174 ALR 559).

On the record before us the parties to the case must be held bound by the conveyances under which they claim title to their respective lots. The trial judge correctly held that there was no ambiguity in the conveyances in plaintiffs' chain of title, and that they are the rightful owners of the land in dispute. Sustaining the contention of the defendants would not only mean construing the term "north" to mean "northwesterly," but accepting also the companion claim that "south" was intended to mean "southeasterly." As suggested by the trial judge in his opinion, such a result would operate to create a difference in size between the parcel conveyed to Everett and that granted to Raymond some months later. This would obviously be inconsistent with the claim that it was Mrs. Burley's intention to divide the land that she owned equally between her said sons.

The judgment is affirmed. Plaintiffs may have costs.

Dethmers, C. J., and Sharpe, Smith, Edwards, Voelker, Kelly, and Black, JJ., concurred.