*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SONIA M. BEGGS, Individually and as Personal
Representative of the ESTATE OF JAMES L.
BEGGS,

UNPUBLISHED
June 23, 2022

Plaintiff/Counterdefendant-Appellee,

v

No. 354797
Oceana Circuit Court
LC No. 19-013888-CH

STEVEN P. FREED,

Defendant/Counterplaintiff-Appellant.

Before: K. F. KELLY, P.J., and SHAPIRO and GADOLA, JJ.

K. F. KELLY, P.J. (*dissenting*).

Because I conclude the trial court did not err when it granted summary disposition in favor of plaintiff, I would affirm the trial court's order. My disagreement relates to the majority's conclusion that plaintiff was not entitled to judgment as a matter of law with respect to the scope of the easement. Plaintiff, as holders of an *exclusive* easement, had the right to erect a fence along the easement and defendant's property. Accordingly, I respectfully dissent.

While the language of the easement does not expressly permit plaintiff to erect a fence, it is my view that such a fence is necessary for plaintiff to be able to fully enjoy the rights obtained by them under the express language in the easement. In this case, the exclusive easement for purposes of ingress and egress implies an associated right to build a fence because such fence is "incident or necessary to the reasonable and proper enjoyment of the easement." See *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 41-42; 700 NW2d 364 (2005) (quotation marks and citation omitted).

Moreover, I am unpersuaded by the majority's reliance on *Dyball v Lennox*, 260 Mich App 698; 680 NW2d 522 (2004). In *Dyball*, there was a reservation of an easement for access to Lake Fenton. *Dyball*, 260 Mich App at 699. The plaintiffs, owners of a servient estate, sought a declaration that the scope of the express easement was limited to ingress and egress for access to the lake. *Id*. at 700. The plaintiffs also sought an injunction barring the construction of a dock. *Id*. at 700-701. The trial court granted summary disposition in favor of the defendants, allowing

maintenance of one dock. *Id*. at 702-703. On an appeal, we reversed, holding, in relevant part, that the express easement did not give rise to the riparian or littoral right to erect or maintain a dock, and the right to permanently moor a boat at the end of the easement was not within the plain language of the easement. *Id*. at 703-709.

There are important differences between this case and *Dyball*. First, *Dyball* did not involve an exclusive easement, as is at issue in this case. An exclusive easement "is an unusual interest in land; it has been said to amount to almost a conveyance of the fee. The grant of an exclusive easement conveys unfettered rights to the owner of the easement to use that easement for purposes specified in the grant to the exclusion of all others . . . ." *Penrose v McCullough*, 308 Mich App 145, 151-152; 862 NW2d 674 (2014) (quotation marks and citation omitted). This is in contrast to *Dyball*, which merely gave the owner of the dominant estate "the right to use the land of another for a specified purpose." *Schadewald v Brule*, 225 Mich App 26, 35; 570 NW2d 788 (1997). And second, central to *Dyball*'s outcome was its intersection with the parties' riparian rights, which are not at issue in this case. See *Dyball*, 260 Mich App at 705 ("Erecting or maintaining a dock near the water's edge is a riparian or littoral right"); see also *Little v Kin*, 249 Mich App 502, 508; 644 NW2d 375 (2002) (quotation marks and citations omitted) (defining riparian land as "a parcel of land which includes therein a part of or is bounded by a natural water course" and a riparian owner as "a person who is in possession of riparian lands or who owns an estate therein").

The Michigan Supreme Court has previously held that an easement holder may erect a fence along an easement if such fence is necessary to his or her enjoyment of the right acquired under the easement. In *Harvey v Crane*, 85 Mich 316, 325; 48 NW 582 (1891), the Court explained that the owner of the dominant estate

> is entitled to make use of this way for any and all purposes for which a road may be used; . . . is entitled to do any act which may be necessary to promote its beneficial use, to the extent of inclosing same; that the only limit to the servitude which she is entitled to impose upon the fee is what may be deemed necessary and essential to her enjoyment of the rights acquired . . . .

Similarly, here, the fence was necessary to plaintiff's enjoyment of the rights acquired under the easement. The easement gave plaintiff "sole responsibility for the maintenance of" and "exclusive control over the use of" the easement. A fence is a necessary and reasonable improvement to the easement that would give plaintiff "exclusive control" over the easement. Moreover, the parties' predecessors jointly built a fence on the land burdened by the easement, suggesting that plaintiff's predecessors had the authority to build a fence. Additionally, the 1994 court order required defendant's predecessors to construct a culvert as their access point to the property. Like the fence, the culvert indicates that defendant's predecessors were prohibited from accessing the land burdened by the easement.

The trial court did not err in granting plaintiff's motion for summary disposition. I would affirm.

/s/ Kirsten Frank Kelly