*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LEELINAW BEACH ASSOCIATION, INC.,

Plaintiff/Counterdefendant-Appellee,

v

IYOPAWA GETAWAY, LLC,

Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
July 22, 2025
10:35 AM

No. 371541
Branch Circuit Court
LC No. 2023-020045-CH

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

In this permanent-injunction action, defendant/counterplaintiff-appellant, Iyopawa Getaway, LLC, appeals as of right the trial court's order: (1) granting summary disposition to plaintiff/counterdefendant-appellee, Leelinaw Beach Association, Inc.; and (2) enjoining defendant's use of plaintiff's property. We vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. FACTS

In September 1981, plaintiff, a nonprofit entity, was incorporated with the purpose "[t]o own and maintain, for the recreational enjoyment and benefit of the members and their families, two lakefront lots at Leelinaw Beach, Coldwater Lake, Michigan, and to make any necessary improvements to or upon the same lots."[1] Property owners of certain lots, including Lot 12, on Iyopawa Island were eligible to be members of the Association and use its property. In May 2021, defendant purchased Lot 12 and became a member of the Association. The deed to defendant's property included an easement for use of plaintiff's property as follows:

> Purchaser to have the right of ingress, egress over lots 17 & 18 of Block #3 with dock privilege not to exceed 20' section, also said purchaser to share in the

---

[1] In November 1981, the previous owners conveyed to plaintiff Lots 17 and 18.

-1-

care and maintenance [sic] aforementioned lots. . . . This condition shall run with the land and will be binding upon their successors and assigns.

This easement language dated back to a conveyance of the property in 1971.

Shortly after acquiring Lot 12, defendant began renting its property as a short-term rental and allowed its tenants to use the beach on plaintiff's property. Plaintiff demanded that defendant stop using Lot 12 as a short-term rental and that defendant, its guests, and tenants stop "using Lots 17 and 18 in anyway [sic] that [was] not consistent with the sole rights given in the Easement, which is ingress and egress to Coldwater Lake, and dock/pier privileges for the members of [defendant] only and not its short-term tenants." Defendant did not stop renting its property or allowing its tenants to use plaintiff's property.

In February 2023, plaintiff initiated the present action, alleging, *inter alia*, that defendant and its tenants trespassed on plaintiff's property because they "were only entitled to use Lots 17 and 18 for ingress and egress" to the lake. Notably, plaintiff requested that the trial court issue a permanent injunction stating the following:

a. Defendant Iyopawa and its short-term tenants may not use Lots 17 and 18 to picnic, sun bathe, play in the sand, store canoes/kayaks/rafts, leave or store personal items such as coolers/towels/wagons/strollers, etc.;

b. Defendant Iyopawa and its short-term tenants may not leave golf carts or other means of transportation of any kind on Lots 17 and 18 while using Coldwater Lake;

c. Defendant Iyopawa's members may not use Lots 17 & 18 in any way except for ingress and egress to Coldwater Lake and Defendant Iyopawa's assigned boat slip on the pier; and

d. Defendant Iyopawa's short-term tenants may not use the pier.

Defendant filed a counterclaim, asserting that nothing in the Association's bylaws prohibited: (1) defendant from leasing the property or (2) defendant's tenants from utilizing the beach or dock areas. Accordingly, defendant requested that the trial court issue a temporary restraining order preventing plaintiff, and anyone acting on plaintiff's behalf, from harassing defendant's tenants.

In August 2023, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim on which relief can be granted), MCR 2.116(C)(9) (failure to state a valid defense), and MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiff argued that the plain language of the easement only allowed for ingress and egress to Coldwater Lake and did not allow for other uses, such as sunbathing, picnicking, or storing kayaks and canoes. Accordingly, plaintiff requested that the trial court enter an order stating that "[d]efendant and its short-term tenants" only had the right to use Lots 17 and 18 for lake ingress and egress, nothing else. Defendant opposed plaintiff's motion, arguing that an issue of material fact existed regarding whether defendant's short-term tenants had rights under the Association's bylaws. Defendant noted that although the "use of the beach for picnicking, sunbathing, and playing in the sand [was] not

specifically mentioned in the easement . . . all members of the association utilize[d] the beach lots for those purposes."

In January 2024, the trial court granted plaintiff's motion for summary disposition and dismissed defendant's counterclaim. The trial court held that plaintiff's claims succeeded on their merits and that plaintiff would suffer irreparable harm if defendant and its short-term tenants were permitted to use Lots 17 and 18 "in ways that exceed[ed] the scope of the Easement . . . ." The trial court enjoined defendant and its tenants as follows:

> 3. Defendant/Counter-Plaintiff is enjoined and restrained, whether alone or in concert with others, including any tenant, officer, agent, representative, or employee of Defendant/Counter-Plaintiff from:
>
>> a. Using Lots 17 and 18 for anything other than ingress and egress to Coldwater Lake;
>>
>> b. Using Lots 17 and 18 to picnic, sun bathe, play in the sand, store canoes/kayaks/rafts, leave or store personal items such as coolers/towels/wagons/strollers, etc.;
>>
>> c. Leaving golf carts or other means of transportation of any kind on Lots 17 and 18 while using Coldwater Lake;
>
> 4. That Defendant/Counter-Plaintiff's short-term tenants are enjoined and restrained from using the pier that extends from Lots 17 and 18[.]

Defendant moved for reconsideration, arguing that the order impermissibly restricted defendant's use of the property as a member of the Association, despite such relief not being requested by plaintiff. At a hearing on defendant's motion, the court recognized that clarification of the court's order might be appropriate, but it ultimately made no amendments to the order. Accordingly, the trial court denied defendant's motion for reconsideration.

Defendant now appeals.

## II. PERMANENT INJUNCTION

On appeal, defendant argues that the language of the trial court's order exceeded plaintiff's requested relief—to limit defendant's use under the easement—and improperly limited defendant's use of the property, as a member of the Association, under the Association's bylaws. We agree.

## A. PRESERVATION AND STANDARD OF REVIEW

Because defendant raised an issue concerning the injunction's scope before the trial court, this issue is preserved for appellate review. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008).

"We review de novo the trial court's decision to grant or deny summary disposition." *Hubbard v Stier*, 345 Mich App 620, 625; 9 NW3d 129 (2023). To the extent that it is unclear under which section of MCR 2.116 the trial court granted summary disposition, and the trial court relied on documentary evidence beyond the pleadings, we will construe the plaintiff's motion as being granted pursuant to MCR 2.116(C)(10). See *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 480 n 6; 997 NW2d 307 (2022).

"Under MCR 2.116(C)(10), summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *In re Gregory Hall Trust*, 346 Mich App 75, 81; 11 NW3d 552 (2023) (quotation marks and citation omitted). "The reviewing court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Gueye*, 343 Mich App at 481 (quotation marks and citation omitted).

"The extent of a party's rights under an easement is a question of fact, and a trial court's determination of those facts is reviewed for clear error." *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005). But "when reasonable minds could not disagree" concerning the scope and extent of an easement and whether the easement has been exceeded, these issues "should be decided by the court on summary disposition as a matter of law." *Wiggins v City of Burton*, 291 Mich App 532, 550; 805 NW2d 517 (2011).

## B. ANALYSIS

"An easement is the right to use the land of another for a specified purpose," *Schadewald v Brulé*, 225 Mich App 26, 35; 570 NW2d 788 (1997), and "may be created by express grant, by reservation or exception, or by covenant or agreement," *Mich State Hwy Comm v Canvasser Bros Bldg Co*, 61 Mich App 176, 181; 232 NW2d 351 (1975) (citations omitted). "The existence of an easement necessitates a thoughtful balancing of the grantor's property rights and the grantee's privilege to burden the grantor's estate." *Blackhawk Dev Corp*, 473 Mich at 41. "The use of an easement must be confined strictly to the purposes for which it was granted or reserved . . . ." *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 399; 964 NW2d 846 (2020) (quotation marks and citation omitted).

"The language of the instrument that granted the easement determines the scope of the easement holder's rights," *id*. at 399-400, and "is interpreted according to rules similar to those used for the interpretation of contracts," *Wiggins*, 291 Mich App at 551. Courts should begin by examining the text of the easement and when "the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted." *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003). But "[i]f the text of the easement is ambiguous, extrinsic evidence may be considered by the trial court in order to determine the scope of the easement." *Id*. Language granting an easement for "ingress and egress to and from the premises . . . to the water's edge" of a lake is unambiguous language that cannot be expanded. *Dyball v Lennox*, 260 Mich App 698, 704-705, 709; 680 NW2d 522 (2004).

In this case, defendant was expressly granted an easement for "the right of ingress, egress over lots 17 & 18 . . . with dock privilege not to exceed 20' section . . . ." Because this language is unambiguous and reasonable minds could not disagree about the scope of the easement, the easement clearly only provided defendant with the right to: (1) ingress and egress over plaintiff's land to access the lake and (2) use the dock. See *id.* On appeal, defendant does not argue that the trial court erred by granting summary disposition in this regard; instead, defendant challenges the scope of relief, arguing that the language of the trial court's order exceeded plaintiff's requested relief—to limit defendant's use under the easement—and improperly limited defendant's use of the property, as a member of the Association, under the Association's bylaws. Plaintiff concedes that it "did not ask the trial court to determine Defendant's rights under the Bylaws in regard to the use of Lots 17 & 18 (only as to the rights of Defendant's short-term tenants to use the pier) . . . ." We agree.

Although the trial court's intent was to declare defendant's rights under the easement, the operative language of the order does not differentiate between defendant's use under the easement and defendant's use as a member of the Association. Pursuant to the order's language, defendant itself, not just its short-term renters, is enjoined from "[u]sing Lots 17 and 18 for anything other than ingress and egress to Coldwater Lake" *and* from "[u]sing Lots 17 and 18 to picnic, sun bathe, play in the sand . . . ." This language comports with the easement language, but does not take into account the Association's bylaws. When the trial court requested clarification regarding the scope of the rights granted by the bylaws, plaintiff responded that the "[m]embers and their families," as well as nonpaying visitors, "may . . . [do] anything that's not prohibited by the bylaws," which, according to defendant and not disputed by plaintiff, allows defendant, its family members, and nonpaying visitors certain rights beyond lake ingress and egress such as picnicking, sunbathing, and playing in the sand. Therefore, to the extent that the current order prohibits defendant itself from engaging in those activities, although complying with the easement language, it appears to contradict defendant's rights under the bylaws.

Accordingly, although the trial court did not err by granting summary disposition on the basis of the plain language of the easement, the trial court's order fails to clearly differentiate between defendant's rights under the easement and defendant's rights as a member of the Association.

## III. CONCLUSION

We vacate the trial court's order and remand for the trial court to clarify the order's language regarding: (1) what use is permitted by defendant under the easement as opposed to what use is permitted by defendant as a member of the Association, and (2) what use is permitted by defendant's short-term tenants under the easement and Association bylaws. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica

-5-